

FILED

FEB 24 2023

February 24, 2023
JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN INFANTE | No. 22 CR 304<br><br>Judge Matthew F. Kennelly |

### PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant JUAN INFANTE, and his attorney, MICHAEL GILLESPIE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The indictment in this case charges defendant with possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1) (Counts 1, 3, and 4), and possession of a machine gun, in violation of Title 18, United States Code, Section 922(o)(1) (Counts 2 and 5).

3. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant Is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count 1, which charges defendant with, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possessing, in and affecting interstate and foreign commerce, a firearm, namely, a Glock pistol, bearing serial number EBN916US on the frame and serial number HWU875 on the slide, which firearm had traveled in interstate and foreign commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1); and Count 2, which charges defendant with knowingly possessing a machinegun, as defined in Title 26, United States Code, Section 5845(b), namely, a Glock pistol, bearing serial number EBN916US on the frame and serial number HWU875 on the slide, which had been converted to shoot automatically more than one shot with a single function of the trigger, and a conversion device, also known as a "Glock switch," a part designed solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Section 922(o)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts 1 and 2 of the indictment. In pleading guilty, defendant admits

the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about March 10, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, namely, a Glock pistol, bearing serial number EBN916US on the frame and serial number HWU875 on the slide, which firearm had traveled in interstate and foreign commerce prior to defendant's possession of the firearm.

On or about March 10, 2022, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did knowingly possess a machinegun, as defined in Title 26, United States Code, Section 5845(b), namely, a Glock pistol, bearing serial number EBN916US on the frame and serial number HWU875 on the slide, which had been converted to shoot automatically more than one shot with a single function of the trigger, and a conversion device, also known as a "Glock switch," a part designed solely and exclusively for use in converting a weapon into a machinegun.

More specifically, between on or about March 1, 2022, and on or about March 10, 2022, defendant communicated with a confidential source ("CS") over text and telephone, during which defendant agreed to sell CS a firearm. During those

3

messages, defendant described the firearm as a "glock 45" equipped with a "ronni," which referred to a "Glock switch" conversion device affixed to the firearm.

On or about March 10, 2022, defendant met with CS at a location in Chicago, Illinois. During that meeting, defendant sold CS one Glock pistol bearing serial number EBN916US on the frame and serial number HWU875 on the slide, in exchange for a quantity of U.S. currency. The firearm was equipped with a "Glock switch" micro conversion device. Defendant demonstrated how to use the firearm to CS, including stating that the firearm was "fully auto," meaning fully automatic.

Additionally, from on or about April 4, 2022, to May 25, 2022, defendant communicated with CS over text and telephone, during which defendant agreed to sell CS another firearm, which defendant described as a "tec." Additionally, defendant informed CS that defendant would provide CS with a free sample of fentanyl. Defendant informed CS that defendant's fentanyl supplier could provide CS with up to one kilogram of fentanyl.

On or about May 25, 2022, defendant met with CS at a location in Chicago. During that meeting, defendant sold CS one Intratec pistol, model Tec-9, 9-millimeter luger caliber, bearing serial number 46716, in exchange for a quantity of U.S. currency. Defendant also showed CS a firearm silencer and a Glock model 23 equipped with a "Glock switch." When asked about the firearm, defendant stated that it was a "Glock 23 40 with a switch." Defendant also handed CS one plastic bag containing a sample of fentanyl.

4

On or about May 26, 2022, members of the FBI executed a search warrant at defendant's residence in the 8300 block of South Kedzie Avenue, Chicago, Illinois. FBI recovered, among other things, the following items that defendant possessed: (1) one Glock pistol, bearing serial number BHTA910 on the frame and serial number BSRH169 on the slide, equipped with a "Glock switch" under defendant's bed; (2) one semi-automatic Glock pistol, model 20, 10-millimeter auto caliber, bearing serial number BNAT3651 in a safe; and (3) several hundred rounds of ammunition in various calibers.

During approximately the past year prior to the May 26, 2022, search described above, in addition to the TEC-9 firearm he sold to the CS, defendant had sold approximately 15 firearms to various other individuals.

At the time defendant sold and/or possessed the above-described firearms, he knew that he had previously been convicted of a crime punishable by a term of imprisonment in excess of one year, namely, a felony conviction for theft, as described below in Paragraph 9(c)(i).

Defendant acknowledges that, on or about June 29, 2022, law enforcement test fired the Glock pistol bearing serial number EBN916US on the frame and serial number HWU875 on the slide equipped with a "Glock switch," and the Glock pistol, bearing serial number BHTA910 on the frame and serial number BSRH169 on the slide, equipped with a "Glock switch," and both firearms functioned automatically.

Defendant acknowledges that the Glock pistol bearing serial number EBN916US that he sold on or about March 10, 2022, was manufactured in Austria, outside the State of Illinois, and therefore traveled in interstate and foreign commerce prior to his possession of the firearm.

## Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

   a. Count 1 carries a maximum sentence of 10 years' imprisonment. Count 1 also carries a maximum fine of $250,000. Defendant further understands that with respect to Count 1 the judge also may impose a term of supervised release of not more than three years.

   b. Count 2 carries a maximum sentence of 10 years' imprisonment. Count 2 also carries a maximum fine of $250,000. Defendant further understands that with respect to Count 2, the judge also may impose a term of supervised release of not more than three years.

   c. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

   d. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is 20 years' imprisonment. In addition, defendant is

subject to a total maximum fine of $500,000, a term of supervised release of not more than six years, and special assessments totaling $200.

## Sentencing Guidelines Calculations

8. Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

   a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the

7

Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. Pursuant to Guideline § 3D1.2(d), Counts One and Two group.

        ii. The base offense level is 20, pursuant to Guideline § 2K2.1(a)(4)(B), because defendant possessed a firearm described in 26 U.S.C. § 5845(a), namely, a machine gun, and he was a prohibited person at the time he committed the instant offense.

        iii. The offense level is increased by 4 levels, pursuant to Guideline § 2K2.1(b)(1)(B), because the offense involved 8-24 firearms.

        iv. The offense level is increased by 4 levels, pursuant to Guideline § 2K2.1(b)(6)(B), because defendant possessed a firearm in connection with another felony offense, namely, distribution of a quantity of fentanyl in violation of Title 21, United States Code, Section 841.

        v. Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to

satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

vi. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

c. **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 3 and defendant's criminal history category is II:

i. On or about January 17, 2020, defendant was convicted of theft in the Circuit Court of Cook County, Illinois and sentenced to 2 years of imprisonment. Pursuant to Guideline § 4A1.1(a), defendant receives 3 criminal history points for this sentence.

d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 25 which, when combined with the anticipated criminal history category of II,

results in an anticipated advisory sentencing guidelines range of 63 to 78 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

10. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by

such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

11. Each party is free to recommend whatever sentence it deems appropriate.

12. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a condition of any term of supervised release or probation imposed in this case, a requirement that defendant repay the United States $3,500 as compensation for government funds that defendant received during the investigation of the case.

14. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

15. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Forfeiture

16. Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense;

17. Defendant agrees to forfeiture of the following specific property to the United States the specific property identified for forfeiture in the indictment: (1) a Glock pistol, bearing serial number EBN916US on the frame and serial number HWU875 on the slide, and associated ammunition; (2) an Intratec pistol model Tec-9, 9-millimeter luger caliber, bearing serial number 46716, and associated ammunition; (3) a Glock pistol, bearing serial number BHTA910 on the frame and serial number BSRH169 on the slide, and associated ammunition; and (4) a Glock pistol, model 20, 10-millimeter auto caliber, bearing serial number BNAT3651, and associated ammunition.. In doing so, defendant admits that the property described above represents property involved in the offense, as alleged in the indictment. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

12

18. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

19. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

20. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 22 CR 304.

21. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other

federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

22. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

        i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a

reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

    v.    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

    vi.    At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

    viii.    With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine


whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

    b. **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

23. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

24. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

25. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's

Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

26. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

27. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing

financial statements and supporting records as requested by the United States Attorney's Office.

28. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

29. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

30. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of such prosecutions.

31. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

32. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

33. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: Feb. 21-2023

JOHN R. LAUSCH, JR.
United States Attorney

JUAN INFANTE
Defendant

BETH E. PALMER on behalf of
JONATHAN L. SHIH
Assistant U.S. Attorney

MICHAEL GILLESPIE
Attorney for Defendant

19